## H. GRANT DUFF *vs.* THE HOLLAND SYSTEM.

### York.   Opinion March 7, 1923.

*A communication is admissible if the circumstances are such that if, in the natural course of business, it would require an answer. Exceptions do not lie to the admission of a communication not prejudicial to the excepting party.*

In this case the exception was to the admission of a letter written by the plaintiff to the defendant with reference to the terms and conditions upon which the plaintiff was willing to render his services to the defendant. The letter was as follows: "Dear Sir: After our talk Sunday, I am going to make the following proposition to you. I will come to Newton and build as many houses as you like for the following: $7.00 per day salary and ($300.) three hundred dollars, bonus on each house; also I will do the York Inn Job for $7.00 per day salary and ($800.) eight hundred dollars, bonus. This means that I am to devote my entire time to you and use my equipment." The objection to the letter was in this language: We object "because it is a self serving statement." It seems that previous to this letter the plaintiff and

Mr. Holland representing the defendant Company, had talked the enterprise over. The plaintiff testified that after he had sent the letter he received a telephone call from Mr. Holland in which he said that he would accept the proposition stated in the letter. The letter was admissible upon the ground that it was a communication which in the natural course of business would require an answer.

The exceptions should also be overruled upon the ground that the admission of the letter was not prejudicial to the defendant.

On exceptions and motion by defendant. This is an action of assumpsit to recover commissions plaintiff claimed to be due him under a contract for building operations in constructing for defendant certain buildings in York, Maine, Newton and Boston, Massachusetts. Plaintiff claimed that he was to receive seven dollars per day, straight time, and in addition thereto a commission of four per cent. on the total cost of construction, except on one building where it was to be one thousand dollars. The defendant claimed that the contract was for seven dollars a day and eight hundred dollars for a bonus on one building. The case was tried to a jury and a verdict for plaintiff for $14,407.09 was rendered. The defendant excepted to a ruling of the presiding Justice admitting a certain communication, and also filed a general motion for a new trial. Exceptions overruled. Motion overruled.

The case is stated in the opinion.

*E. P. Spinney, Sewall & Waldron,* for plaintiff.

*Stewart & Putnam, Henry V. Cunningham, Emery & Waterhouse,* for defendant.

SITTING: SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

SPEAR, J. In this case the verdict upon trial was rendered for the plaintiff and comes to this court on exceptions and on a motion for a new trial. Without discussing the testimony at any length we are of the opinion that there was ample testimony upon which the jury were authorized to base their verdict. It is true that there was a sharp contradiction upon essential facts, but it was the exclusive province of the jury to pass upon, and determine, all questions of credibility.

The plaintiff contended that he made a contract for services with the defendant company for the supervision of a large building enter-

prise around Boston, including the use of his building apparatus in connection therewith, upon a per diem and commission basis. The only controversy was whether he was entitled to commissions on the cost of the building operation. Upon this contention he was corroborated by the architect of the building operation and by entries made in the books of the corporation by its own servants. We do not think the intervention of the court could be justified upon the evidence.

The motion should be overruled.

The exception was to the admission of a letter written by the plaintiff to the defendant with reference to the terms and conditions upon which the plaintiff was willing to render his services to the defendant. The letter was short, and, omitting dates, it read as follows: "Dear Sir: After our talk Sunday, I am going to make the following proposition to you. I will come to Newton and build as many houses as you like for the following: $7.00 per day salary and ($300.00) three hundred dollars bonus on each house. Also I will do the York Inn job for $7.00 per day salary and ($800.00) eight hundred dollars bonus.

"This means I am to devote my entire time to you and use my equipment.

Yours truly."

The objection to this letter at the time it was offered, as appears by the exceptions, was in this language, "We object, because it is a self serving statement."

It seems that previous to this letter the plaintiff and Mr. Holland, representing the defendant Company, having long known each other, had talked the enterprise over. Having had that talk, Mr. Duff testified that he then sent this letter and that, within a short time after sending the letter, he was called over the phone by Mr. Holland, with whom he had had his previous conversation, and who said to the plaintiff, as the plaintiff testified, "I am going to accept your proposition and I want you to come to Boston as soon as possible and we will go over the matter together." As a matter of fact, the only part of the proposed contract referred to in the letter, which was subsequently carried out between the plaintiff and defendant, was the per diem of $7.00 and the eight hundred dollars bonus on the "York

Inn job." We think that the letter was admissible upon the ground that in view of the testimony it was a communication which in the natural course of business would require an answer, and, according to the testimony which the jury had a right to believe, did receive an answer. Upon this point we think the letter was clearly admissible under the doctrine laid down in *Ross* v. *Reynolds,* 112 Maine, 223.

The exception should also be overruled upon the ground that the admission of the letter was not prejudicial to the defendant. ·*Ross* v. *Reynolds,* supra.. Under the evidence, in our opinion, it was prejudicial to the plaintiff rather than to the defendant. In other words, if the defendant had adhered to the contents of the letter as an expression of the contract, it would have been greatly to its advantage, particularly if his contention had been sustained. It could not have been harmed by the admission of the letter.

> *Exceptions overruled.*
> *Motion overruled,*